JUSTICE THEIS, specially concurring: I concur with my colleagues. Today, we acknowledge explicitly that Doe v. Calumet City, 161 Ill. 2d 374 (1994), has been overruled by a series of cases beginning with In re Chicago Flood Litigation, 176 Ill. 2d 179 (1997). We leave in Doe’s wake, however, unresolved issues about the scope of the immunity provided by section 2 — 202 of the Tort Immunity Act. See 745 ILCS 10/2 — 202 (West 2008). I write separately to express my views on the proper analysis under that section. The Doe court framed the question before it as whether the willful and wanton “exception” in section 2 — 202 applies to police officers owing no special duty to plaintiff. Doe, 161 Ill. 2d at 388. After outlining two approaches to this question in appellate court case law, the court found an answer to it in Leone v. City of Chicago, 156 Ill. 2d 33 (1993). Doe, 161 Ill. 2d at 389. Rather than discussing the interplay between section 2 — 202 and other provisions of the Act, particularly sections 4 — 102 and 4 — 107, the court focused on the special duty doctrine. In a single, cryptic sentence, the court held that “plaintiffs can escape the statutory immunities granted municipalities and their employees either by proving facts that show the existence of a special duty and prov- ing simple negligence or by proving willful and wanton conduct alone.” Doe, 161 Ill. 2d at 390. In Zimmerman v. Village of Skokie, 183 Ill. 2d 30, 46-47 (1998), this court subsequently explained that the special duty exception to the public duty rule could not override statutory immunities. In DeSmet v. County of Rock Island, 219 Ill. 2d 497, 519 (2006), the court described Doe’s holding as simply “a fact-specific application of section 2 — 202.” But between those cases, the appellate court had already expanded that holding into “the principle underlying Doe” (242 Ill. 2d at 226) — namely, that section 2 — 202’s willful and wanton exception applies to other immunity provisions by implication. See, e.g., Ozik v. Gramins, 345 Ill. App. 3d 502 (2003); Cadena v. Chicago Fireworks Manufacturing Co., 297 Ill. App. 3d 945 (1998). I agree now is the time to end that interpretation. In my view, rejecting the broad reading of section 2 — 202 purportedly adopted in Doe returns us to a more appropriate reading of that statute, which we expressed in Aikens v. Morris, 145 Ill. 2d 273, 282-83 (1991). In Aikens, two City of Evanston police officers were transporting a prisoner when their squad car collided with another vehicle. The driver of the other vehicle filed a negligence claim against the city, and the city asserted that section 2 — 202 provided immunity. The trial court disagreed, and the appellate court affirmed. We also affirmed, holding that the police officers were not engaged in “executing or enforcing a law” at the time of the accident. Id. at 286. We stated that “section 2 — 202 immunity is a limited immunity, [whose] dimensions are narrower than the scope of a police officer’s employment or his performance of official functions and duties.” Id. at 281. Under section 2 — 202 “the appropriate analysis begins with a determination of whether the public employee was executing or enforcing law at the time of the subject incident.” Id. at 281 (discussing Trepachko v. Village of Westhaven, 184 Ill. App. 3d 241, 247 (1989)). We distinguished section 2 — 202 from section 4 — 102, explaining that “[s]ection 4 — 102 immunity may apply in the context where police officers are simply ‘providing [or failing to provide] police services,’ but section 2 — 202 immunity requires more particular circumstances for its application, i.e., an act or a course of conduct ‘in the execution or enforcement’ of law.” Id. at 282 (quoting Ill. Rev. Stat. 1979, ch. 85, par. 2 — 202). I believe that this narrow interpretation of section 2 — 202 is consonant with the public policy behind it. As we stated in Aikens, section 2 — 202 “represents an attempt to assure to the community those benefits accruing from both an energetic execution and enforcement of laws as well as a proportioned sharing of risk.” Id. at 279. In the proper case the immunity provided by section 2 — 202 still applies where municipal employees are engaged “in the execution or enforcement of any law” (745 ILCS 10/2 — 202 (West 2008)), and plaintiffs may still defeat that immunity by pleading and proving willful and wanton conduct.